# Exhibit F

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) THIRTEENTH JUDICIAL CIRCUIT
COUNTY OF GREENVILLE ) CASE NO.: 2020-CP-23-03411

Porcha D. Givens, Individually and as )
Personal Representative of the Estate )
of Richard Henry Caldwell (Decedent) )
)
          Plaintiff, ) **FINAL ORDER OF JUDGMENT**
)
          vs. )
)
Irakli Samkharadze, )
)
          Defendant. )
_____)

This matter comes before the undersigned by Order of the Honorable Alex Kinlaw Jr.

dated, January 28, 2021, referring this matter under Rule 53 of the SCRCP to hear all motions,

evidence, testimony and direct entry of final judgment in this action. James W. Fayssoux, Jr.,

Esquire appeared on behalf of Plaintiff and Ryan Beasley appeared on behalf of the Defendant.

Prior to opening statements, the parties indicated they had reached an agreement on

numerous stipulations on the admissibility of evidence, including but not limited to the body

camera video from the Highway Patrol, medical records, medical bills, extensive surveillance

video, coroner report, accident photos, toxicology reports and other relevant evidence. The

parties further stipulated that if called, the Defendant was going to exercise his 5th Amendment

Right and refuse to answer any questions regarding the allegations in the Complaint.

Accordingly, the Plaintiff agreed not to subpoena him for the hearing. As result, the allegations

and evidence were largely uncontested other than the effective cross examination of counsel. I

received lengthy testimony and significant evidence from family members and friends of the

decedent, witnesses to the accident, law enforcement and Plaintiffs' expert toxicologist. The

Plaintiff further present animations of the accident and a detailed analysis of the level of intoxication along with video evidence of the Defendant operating his vehicle in a negligent manner.

Based on the evidence before me and the testimony of the witnesses, I hereby make the following findings of fact and conclusions of law as to an award of damages:

1. On November 26, 2019, Defendant decided to spend an afternoon drinking at a local establishment in Greenville, South Carolina. After being overcome by the initial drinks and illicit substances in his system, he "passed out" on a couch on an exterior patio of the bar only to awaken an hour later and order additional shots of tequila and Margaritas. At approximately 5:30 p.m., in a highly intoxicated state, the Defendant attempted to drive his 2020 Jeep back to his hotel room. After struggling to leave the parking lot without contacting the surrounding parked vehicles, he eventually exits the premises and ventures onto I-85. At the same time, the Plaintiff was on his way to work night shift as a fork lift operator to ensure he could support his minor children Richard and Aaliyah, ages 6 and 7. Unfortunately, Mr. Caldwell's vehicle became disabled on the shoulder of the highway, requiring tow assistance. While Mr. Caldwell and others were positioned next to the disabled vehicle, the Defendant approached, driving too fast for conditions and in a highly intoxicated condition. Predictably and tragically, Defendant Samkharadze swerved into the emergency lane and struck the disabled vehicle and Mr. Caldwell causing severe and fatal injuries.

2. The Plaintiff presented compelling testimony from individuals who witnessed the impact,

2

provided life support to Mr. Caldwell and further physically had to remove the Defendant from the scene as he was interfering with the administration of CPR.    Although there was substantial direct evidence and testimony of the continued pain and anguish that Mr. Caldwell endured for an extended period of time until he succumbed to his injuries, the Plaintiff indicated that she previously settled the survival action portion of the claim with the subject bar and was strictly seeking actual and punitive damages under the wrongful death cause of action.

3.  At the time of his, death Mr. Caldwell was a father of three children, Porcha Givens, age 25, Aaliyah Caldwell age 7, Richard Mylan Caldwell age 6.  He was the primary care taker of the minor children and in addition to working extra shifts to provide for his children, he also was responsible for homework assistance, medical care, cleaning and the daily needs of his children.  Further, the Plaintiff presented evidence and examples of a devoted father that was both adored and desperately needed by his minor children who have suffered tremendously with a lack of stable housing, education and basic needs in his absence.  I received testimony as to the deep emotional changes and impacts this senseless loss has had on their education, social interactions and overall quality of life.

4.  The Plaintiff presented undisputed evidence, within a reasonable degree of scientific certainty, that Mr. Samkharadze was under the influence of alcohol, marijuana, and gabapentin at the time of the incident.  The SLED blood draw confirmed the presence of these substances and the level intoxication was apparent on the surveillance video and in the bizzarre behavior of the Defendant following the accident and further captured on body cam video that was entered into evidence.

3

5.    I find that Defendant Ika Samkhardaze was grossly negligent in his operation of the 2020 Jeep vehicle and this his actions were the direct and proximate cause of the Richard Caldwell's death. I further find that as a direct and proximate result of Defendant's grossly negligent and negligent acts as set out above, the Decedent's beneficiaries, as represented by Plaintiff Givens, Decedent's Personal Representative, have suffered tremendous injuries, which include (a) pecuniary loss; (b) mental shock and suffering; (c) wounded feelings; (d) grief and sorrow; (e) loss of companionship; (f) deprivation of use and comfort of Decedent's society, including loss of his experience, knowledge, and judgment in managing the affairs of himself and his beneficiaries; and (g) loss of consortium.

6.    Based upon the undisputed evidence, the impact on the minor children will be permanent and life changing. I find the level of loss and pain, while also considering their vulnerable status, demands a significant actual damages award.

7.    The Plaintiff sought damages of not less than Thirty Million ($30,000,000) Dollars in Actual Damages and Twenty Million ($20,000,000) in punitive damages.

8.    Although I agree that these facts and evidence support a significant award of both actual and punitive damages, I find an appropriate award of actual damages in the wrongful death claim in the amount of Twenty-Five Million ($25,000,000.00) Dollars.

9.    Based on clear and convincing evidence, I find that the Defendant Samkahardze's actions were grossly negligent and reckless. I have considered the defendants' degree of culpability; duration of the conduct; defendants' awareness and refusal to take any accountability thereof, including but not limited to his actions on video and refusal to take accountability in this trial or the criminal proceeding to date, the likelihood the award will deter the defendants or

4

others from like conduct; whether the award is reasonably related to the harm likely to result from such conduct; and finally, the complete lack of remorse and failure to pay any restitution to date.

10.     I find that Plaintiff is entitled to punitive damages against the Defendant in the amount of Eight Million ($8,000,000.00).

THEREFORE, based on these findings of fact and conclusions of law, I hereby find that Plaintiff is entitled to judgment against Defendant Samkahardze in the amount of Thirty-Three Million ($33,000,000.00) Dollars.

IT IS SO ORDERED.

By: _____
     Robert F. Goings, Esq.
     Special Referee

April 26, 2021
Greenville, South Carolina

5

**FORM 4**

| STATE OF SOUTH CAROLINA<br>COUNTY OF GREENVILLE<br>IN THE COURT OF COMMON PLEAS | JUDGMENT IN A CIVIL CASE |
|---|---|
| | CASE NO. 2020 CP-23-03411 |
| Porcha D. Givens, Individually and as Personal Representative of the Estate of Richard Henry Caldwell (Decedent) | Irakli Samkharadze |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Submitted by: Robert F. Goings, Esq. (Special Referee) | Attorney for: ☐ Plaintiff    ☐ Defendant<br>or<br>☐ Self-Represented Litigant |

### DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

### ORDER INFORMATION

This order ☒ ends ☐ does not end the case.
Additional Information for the Clerk:

---

| INFORMATION FOR THE JUDGMENT INDEX |||
|---|---|---|
| Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below. |||
| **Judgment in Favor of**<br>**(List name(s) below)** | **Judgment Against**<br>**(List name(s) below)** | **Judgment Amount To be**<br>**Enrolled**<br>**(List amount(s) below)** |
| Porcha D. Givens | Irakli Samkharadze | $33,000,000.00 |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: |||

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: Title abstractors and researchers should refer to the official court order for judgment details.

E-Filing Note: In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.

Special Referee                                      Judge Code                Date

## For Clerk of Court Office Use Only

This judgment was entered on the      day of      , 20      and a copy mailed first class or
placed in the appropriate attorney's box on this      day of      , 20      to attorneys of record or
to parties (when appearing pro se) as follows:

James W. Fayssoux, Jr./ Fayssoux and Landis, PA

P.O Box 10207

Greenville, SC 29603

**ATTORNEY(S) FOR THE PLAINTIFF(S)**                **ATTORNEY(S) FOR THE DEFENDANT(S)**

                                                     **CLERK OF COURT**

## Court Reporter:

E-Filing Note: In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File
Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy
of the judgement to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.

## ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON
PAGE 1.

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

## FORM 4C INSTRUCTIONS—JUDGMENT IN A CIVIL CASE
### (Instructions for Information Only-Not to be filed with Form 4C)

1. Form 4C-Judgment in a Civil Case has been modified to add order information and enrollment instructions for the clerk of court. The purpose of Form 4 has not changed with the exception that judgment information is provided when applicable.

2. Please note that the Form 4C must be attached to all orders that include information to enroll in the judgment index. The clerk will not be responsible for reading the order to determine enrollment information.

   The attorney or prevailing party will prepare and attach the Form 4C when submitting the proposed order that includes judgment enrollment information for the judgment index. The judge will review and sign Form 4C when he or she signs an order that includes judgment enrollment information for the judgment index.

3. Form 4C is not required to be submitted to the Court with orders that do not include information to enroll in the judgment index. If the clerk receives such an order without Form 4C attached, the clerk should enter and process the order pursuant to Rule 58 and Rule 77(d), SC Rules of Civil Procedure (i.e., the clerk should serve notice of entry of the judgment by mail or provide the attorneys with copies of the signed order by other means).

4. The "Information for the Judgment Index" section should be completed when the judgment affects title to real or personal property or if any amount should be enrolled. In the "Judgment in Favor of" column, enter the name of the party to whom the judgment is awarded. In the "Judgment Against" column, enter the name of the person to whom the judgment is against. The judgment amount to be enrolled should be noted in the "Judgment Amount" column. As necessary, describe any property referenced in the order if it is to be enrolled in the judgment index. If there is no judgment information to enroll, indicate "N/A" in one of the boxes in this section of the form.

5. To enter information to accommodate multiple parties, additional Form 4Cs may be used as necessary. Additional space may be inserted on the form as necessary.

6. The section "For the Clerk of Court Office Use Only" should be completed by the clerk as it has been with the previous version of Form 4.

7. If the matter is on appeal to the Circuit Court, then the parties on the form should be changed from Plaintiff and Defendant to Appellant and Respondent.

8. If an arbitrator prepares an order after arbitration, the arbitrator should strike through "Circuit Court Judge" and indicate "Arbitrator" in the signature block.

9. If a Special Circuit Court Judge, Master in Equity, or Special Referee prepares an order after hearing a Circuit Court matter, then he or she should strike through the title "Circuit Court Judge" below the signature line and indicate the appropriate title.

10. When an Order of Foreclosure is filed, neither the parties or debt owed should be listed in the Information for the Judgment Index Section, unless the foreclosure order specifically requires entry of the full judgment amount before the foreclosure sale, pursuant to Section 29-3-650 of the SC Code.

11. If the deficiency judgment is waived in a Foreclosure action, indicate N/A in the "Judgment Amount To Be Enrolled" box.

12. Foreclosure actions should be ended by the Clerk of Court upon receipt of the Order of Foreclosure. Subsequent information, including deficiency judgments, can be added to the action after the case is ended. The Master in Equity should end the action in the MIE system upon the receipt of the Order of Foreclosure.

13. When judgment enrollment information is included in the Information for the Judgment Index Section (for example, when there is a deficiency judgment), only the parties who the judgment is for and against should be included in the Section. Subordinate parties and lienholders should not be included in the box if there is not a judgment amount specifically for or against them.

14. Form 4C is not required to be attached to Transcripts of Judgment and Confession of Judgment.